UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. PORTER,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>WILLIAM KNIPP, Warden,<br><br>　　　　　Respondent. | NO. CV 13-5011-DMG (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On July 12, 2013, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before **August 22, 2013**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

# **PROCEDURAL BACKGROUND**

In 1982, Petitioner pled guilty in Los Angeles County Superior Court to first degree murder and assault, and was sentenced to 27 years to life. (Petition at 2.) Petitioner did not appeal. (*Id.*)

On October 19, 2012, Petitioner began filing habeas petitions in the California courts. (*Id.* at 3.) His last habeas petition was denied by the California Supreme Court on April 10, 2013. (*Id.* at 4-5.)

On July 7, 2013, Petitioner constructively filed the instant federal petition in this court in which he raises three grounds. (Petition at 5 & back of envelope.)

# II.

# **DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner was convicted in 1982. Petitioner did not appeal; therefore, his conviction became final 60 days later. California Rules of Court 8.308(a) (formerly Rule 30.1). Because the conviction became final before the AEDPA was enacted, the limitations period expired on April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Absent tolling, the petition is time-barred.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner did not file his first state habeas petition until October 19, 2012, after the limitations period had already expired. Therefore, Petitioner is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

Absent equitable tolling, the petition is time-barred.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Petitioner does not indicate he is entitled to equitable tolling. Accordingly, the petition remains time-barred.

3

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In Ground Three, Petitioner contends his counsel was ineffective by "coercing" Petitioner into accepting the plea. (Petition at 5.) Petitioner also argues his counsel failed to investigate Petitioner's competency and failed to have the special circumstances allegation stricken. (Supplemental Brief at 7.) Petitioner was aware of the factual predicate underlying Ground Three at the time of the plea. Accordingly, the date of discovery does not assist Petitioner, and the petition remains time-barred.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***August 22, 2013***, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: July 23, 2013

ALICIA G. ROSENBERG
United States Magistrate Judge

4